# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>135 Torrington Avenue,<br>Franklinton, North Carolina 27525 | )<br>)<br>) Case No. 5:20-MJ-1224-JG<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the _____Eastern_____ District of _____North Carolina_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1542; 1546(a); 2250(b) | False statement in application and use of passport; fraud and misuse of visas, permits, and other documents; and international travel reporting violation |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

SA Heidi Bridges, Homeland Security Investigations
*Printed name and title*

On this day, **Heidi Bridges** appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this Application for a Search Warrant.

Date: **28 FEB. 2020**

City and state: Raleigh, North Carolina

*Judge's signature*

JAMES E. GATES, United States Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

1. I, Heidi Bridges, being duly sworn, depose and state that I am a Special Agent (SA) of the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been so employed for over four (4) years. I am assigned to the HSI Raleigh, North Carolina field office (HSI-Raleigh) and my duties include, among other things, investigating violations of Titles 8, 18, 19, and 21 of the United States Code. As part of these duties, I have led or participated in investigations involving criminal and/or administrative violations related to money laundering, narcotics trafficking, bulk cash smuggling, identity theft, immigration benefit fraud, human smuggling, human trafficking, the illegal entry and/or re-entry of aliens, and immigration status violators. Prior to reporting for assignment at HSI-Raleigh, I attended training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, where I received instruction in Federal criminal statutes, search, seizure, and arrest authority, use of force, and many other facets of federal and general law enforcement.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. This affidavit is made in support of a search warrant of the residence of an individual identified as Saul David Aquino (hereafter "AQUINO"),[1] located at 135 Torrington Avenue, Franklinton, North Carolina 27525 (hereafter "SUBJECT PREMISES"), located within the

---

[1] *See United States v. Saul David Aquino*, 5:20-CR-41-FL (under seal) enclosed herein as Attachment C.

1

Eastern District of North Carolina. The SUBJECT PREMISES is more particularly described in Attachment A of this Affidavit.

4. Because this affidavit is being submitted for the limited purpose of securing a warrant to search the SUBJECT PREMISES, I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 1542 (use of a passport procured by means of a false claim and statement), 1546(a) (use and possess a document prescribed by statute and regulation as evidence of authorized stay and employment in the United States knowing such document was procured by fraud and unlawfully obtained), and 2250(b) (international travel reporting violation)[2] (hereafter "SPECIFIED FEDERAL OFFENSES") will be located at the SUBJECT PREMISES. More specifically, I seek authorization to locate items described in Attachment B and to seize those items as evidence, fruits, and instrumentalities of the SPECIFIED FEDERAL OFFENSES.

## OPERATION FALSE HAVEN

5. I am currently assigned to the HSI Document and Benefit Fraud Task Force (DBFTF) in Raleigh, North Carolina.

6. In October of 2019, Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), HSI, U.S. Citizenship and Immigration Services (USCIS), and other members of the DBFTF, identified possible fraud concerning those aliens that had committed

---

[2] 18 U.S.C. § 2250(b) provides that "[w]hoever--(1) is required to register under the Sex Offender Registration and Notification Act (42 U.S.C. 16901 et seq.); (2) knowingly fails to provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce; and (3) **engages or attempts to engage in the intended travel in foreign commerce**; shall be fined under this title, imprisoned[.]" (emphasis added).

2

sexual offenses, and were subsequently granted U.S. citizenship. As a result, the DBFTF launched Operation False Haven, an ongoing investigation designed to identify individuals who fraudulently obtained U.S. citizenship via naturalization. The information regarding this affidavit is either known to me directly or I have obtained the information by speaking with other law enforcement agencies or reviewing reports and other materials relating to this matter.

7. Operation False Haven began with a comprehensive review of the sex offenders registered in North Carolina during the preceding 10-year period. This process produced numerous matches to naturalized U.S. citizens. One of those persons identified was AQUINO.

## IMMIGRATION HISTORY OF AQUINO

8. In the course of investigating this matter, I have reviewed the official A-File, numbered A096 015 136, related to this individual which reflects the following information:

   a. AQUINO was born in Argentina on XXXX XX, 1976.

   b. On or about August 4, 2003, AQUINO was granted permanent resident status by the U.S. Citizenship and Immigration Services (CIS).

   c. On or about May 28, 2009, in Franklin County, North Carolina, AQUINO completed form *N-400 Application for Naturalization* and submitted it to CIS. Page eight of that document contains a series of questions related to good moral character. Question 15 asks "Have you ever committed a crime or offense for which you were not arrested?" AQUINO checked the box corresponding with "No." The final page of the N-400 contains the signature block. The text immediately above the block reads "I certify, under penalty of perjury under the laws of the United States of America that

3

this application, and the evidence submitted with it, are all true and correct." AQUINO signed the document and submitted it to CIS.

d.  On or about August 17, 2009, in Durham, North Carolina, AQUINO appeared in person at the CIS office. AQUINO was placed under oath by a CIS officer and swore under penalty of perjury that all of his responses on the N-400 were true and correct.

e.  On or about August 26, 2009, in Durham, North Carolina, AQUINO appeared in person at the CIS office and completed a document entitled *N-455 Notice of Naturalization Oath Ceremony*. Question three of that document asks "AFTER the date you were first interviewed on your Application for Naturalization, form N-400...have you knowingly committed any crime or offense, for which you have not been arrested?" AQUINO checked the box corresponding with "No". AQUINO then signed the N-455, again certifying that his answers were true and correct. Immediately thereafter, AQUINO participated in the Naturalization Ceremony and was granted U.S. citizenship. AQUINO was issued Certificate of Naturalization number 32766062 bearing registration number A096 015 136.

## CRIMINAL HISTORY OF AQUINO

9.  In the course of investigating this matter, I have reviewed official local, state, and federal criminal records relating to AQUINO which contain the following information:

a.  On or about November 19, 2012, in Franklin County, North Carolina, a warrant of arrest was issued charging AQUINO with having engaged in a sex act with a 13-year-old child. The offense date listed on the warrant is "01/01/2007 through 01/01/2009."

4

b. On or about November 27, 2012, in Franklin County, North Carolina, AQUINO was arrested by local authorities and charged with statutory rape.

c. On or about November 12, 2013, in the Superior Court of North Carolina in Franklin County, a grand jury issued an indictment charging AQUINO with the statutory rape of a 13-year-old child. The offense date on the indictment is "1/1/07 – 1/1/09".

d. On or about June 8, 2015, in the Superior Court of North Carolina in Franklin County, a two-count information was issued charging AQUINO with indecent liberties with a child. The offense date listed on the information is "2007-2009."

e. On or about June 8, 2015, in the Superior Court of North Carolina in Franklin County, AQUINO was convicted of two counts of indecent liberties with a child, in violation of North Carolina General Statute § 14-202.1. AQUINO was sentenced to a combined term of imprisonment of between 26 and 32 months and mandated to register as a sex offender. The offense date listed on the judgment is "01/01/2007."

## APPLICATION FOR UNITED STATES PASSPORT AND EVIDENCE OF UNITED STATES CITIZENSHIP

10. On or about August 26, 2009, in Franklin County, North Carolina, AQUINO signed and submitted a form entitled *DS-11 Application for a U.S. Passport* to the U.S. Department of State (DOS). As proof of citizenship and eligibility, AQUINO presented a Naturalization Certificate bearing registration number A096 015 136.

11. On or about September 18, 2009, DOS approved the application and issued AQUINO U.S. passport number 453121463.

5

## EVIDENCE THAT THE IMMIGRATION AND CRIMINAL HISTORIES ABOVE IDENTIFY THE SAME PERSON

12. On December 2, 2019, ICE/ERO submitted the fingerprints taken by local law enforcement following AQUINO's arrest on November 27, 2012, to ICE and FBI databases which resulted in a positive biometric match to the fingerprints submitted by AQUINO to CIS in conjunction with his Application for Naturalization.

## EVIDENCE OF UNREPORTED ONLINE IDENTIFIERS

13. On or about January 10, 2020, ICE/ERO received a complete copy of AQUINO's sex offender registration file from the Franklin County Sheriff's Department. According to the documents contained therein, AQUINO has reported three online identifiers to law enforcement since his initial registration in 2015 (dr22aquino@hotmail.com, dr22aquino@gmail.com, and umision.us@gmail.com).

14. On or about January 29, 2020, ICE/ERO conducted a search of a consolidated public records database which revealed the following e-mail addresses associated with AQUINO: saulaquino8653@hotmail.com, saul.aquino@aol.com, saquino@yahoo.com, and saul.aquino@webtv.net. Additionally, under part 8 of the application for a U.S. passport AQUINO submitted to DOS, AQUINO listed an e-mail address of dr22aquino@yahoo.com.

15. On or about January 29, 2020, ICE/ERO conducted an open-source internet search and discovered an active LinkedIn social media profile belonging to AQUINO (https://www.linkedin.com/in/david-aquino-7a1327115).

16. On or about January 30, 2020, ICE/ERO received confirmation from the Franklin County Sheriff's Department that the only online identifiers provided by AQUINO to date are

6

those reflected in paragraph 13 above.

## EVIDENCE OF UNREPORTED FOREIGN TRAVEL

17. On or about January 10, 2018, in Franklin County, North Carolina, AQUINO used U.S. passport number 453121463 to make an airline reservation for a flight from the U.S. to Mexico.

18. On February 19, 2018, in Wake County, North Carolina, AQUINO presented U.S. passport 453121463 to airline officials at the Raleigh Durham International Airport and boarded Delta flight 1137 to Atlanta, Georgia. In Atlanta, AQUINO boarded Aeromexico flight 2713 and flew to Monterey, Mexico. The Mexican government refused to admit AQUINO by virtue of his status as a registered sex offender and AQUINO immediately returned to Atlanta aboard Aeromexico flight 2712.

19. On or about February 19, 2018, in Atlanta, Georgia, AQUINO presented U.S. passport 453121463 to a CBP officer as evidence of citizenship and eligibility to enter the U.S.

20. Over the course of this investigation, ICE/ERO has contacted the sex offender registration units within the Franklin County Sheriff's Department, and the North Carolina State Bureau of Investigation (SBI), as well as the U.S. Marshals National Sex Offender Targeting Center. At no time has AQUINO notified any of those agencies of foreign travel or intended foreign travel.

## ADDITIONAL FINDINGS

21. On or about January 10, 2020, ICE/ERO contacted the Sex Offender Registration Unit within the Franklin County Sheriff's Department and learned that AQUINO had most recently appeared in person at their office on or about December 19, 2019, and completed a form

7

labeled *CIIS-90 Verification of Information*. On that document, AQUINO confirmed that he resides at SUBJECT PREMISES.

22. On or about January 29, 2020, ICE/ERO conducted a search of a consolidated North Carolina law enforcement database. The database indicates that AQUINO's current address is the SUBJECT PREMISES.

23. On or about January 29, 2020, ICE/ERO conducted a search of a consolidated public records database. The database indicates that AQUINO's current address is the SUBJECT PREMISES.

24. On or about January 29, 2020, ICE/ERO conducted a search of the SBI online sex offender registry. The database indicates that AQUINO's current address is the SUBJECT PREMISES.

25. On or about January 29, 2020, ICE/ERO conducted an online search of the Franklin County Property Tax database. The database indicates that AQUINO owns the SUBJECT PREMISES and most recently paid property taxes to the county on January 27, 2020.

26. On or about January 30, 2020, ICE/ERO conducted an online search of the North Carolina Department of Motor Vehicles (DMV) database. The database reflects that AQUINO's current address is the SUBJECT PREMISES. According to DMV, AQUINO currently owns a 2020 Chevrolet Silverado 1500 bearing NC license plate HFS-3979, a 2018 Dodge Ram Promaster 2500 bearing NC license plate EDP-6118, and a 2018 Ford Escape bearing NC license plate TPJ-7793.

27. On or about February 24, 2020, I conducted surveillance of the SUBJECT PREMISES. I observed a white in color van backed into the driveway. There were no other vehicles, or any occupants observed.

## BENEFIT FRAUD CHARACTERISTICS

28. Based on my knowledge, training, and experience, and from discussions with other law enforcement officers involved in benefit fraud investigations, I know that persons born abroad who immigrate to the United States, due to requirements set as part of past legislative changes relative to immigration policy, retain documents and other records relative to their entry into the United States, length of time in the United States, immigration filings, criminal histories, and familial history. I know that such persons retain identity documents, including both legitimate documents and fraudulent documents, and that they store these records for significant periods of time, often their entire lifetime. I know that these documents are typically stored by such persons within their residence so that they are readily available to them if questions arise regarding their immigration status or history, or in order to apply for new benefits, or with specific regard to passports, in order to facilitate travel.

29. Additionally, I know that those aliens who become U.S. citizens have the ability to apply for or petition other family members or spouses. In the majority of these cases a visa would be immediately available. Further, I know that once an alien becomes a U.S. citizen, they would possibly have the potential to transmit citizenship automatically to children born abroad.

30. Based on the aforementioned information, and based on my knowledge, training, and experience, I expect to find evidence of the SPECIFIED FEDERAL OFFENSES, such as AQUINO's naturalization certificate and U.S. passport, at the SUBJECT PREMISES.

## CONCLUSION

31. Based on the above information, there is probable cause to believe that the SPECIFIED FEDERAL OFFENSES have been violated and that the items listed in Attachment B are to be located at the SUBJECT PREMISES.

32. Based on the above information, I respectfully request that this Court issue a warrant to search the SUBJECT PREMISES, which is more particularly described in Attachment A, and to authorize the seizure of the items described in Attachment B.

*[signature]*

Heidi Bridges
Special Agent
Homeland Security Investigations

On this **28** day of **FEBRUARY** 2020, Special Agent Heidi Bridges, appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this Affidavit.

*[signature]*

JAMES E. GATES
United States Magistrate Judge

10

## ATTACHMENT A

## PREMISES TO BE SEARCHED

135 Torrington Avenue, Franklinton, North Carolina 27525

The SUBJECT PREMISES is located within the Eastern District of North Carolina in Franklin County. The SUBJECT PREMISES is located between Hill Road and Haddington Drive near the intersection of Farmington Drive and Torrington Avenue in Franklinton, North Carolina. The SUBJECT PREMISES is a single-family home. The exterior is constructed with beige plank siding over a red brick foundation with eight front-facing windows offset by black shutters and a white 2-column front porch. A mailbox is located near the street on the left side of the driveway leading to the SUBJECT PREMISES and the numbers "135" are affixed to the post. The driveway terminates at an attached two-car garage located on the left side of the residence.



11

## ATTACHMENT B

## PARTICULAR ITEMS TO BE SEARCHED FOR AND SEIZED

This warrant authorizes (i) the search of the SUBJECT PREMISES as described in **Attachment A** for only the following and (ii) authorizes the seizure of the items listed below only to the extent they constitute the following:

a.  Evidence of violations of the below offenses ("SPECIFIED FEDERAL OFFENSES"):

   1. 18 U.S.C. § 1542 (use of a passport procured by means of a false claim and statement); or

   2. 18 U.S.C. § 1546(a) (use and possess a document prescribed by statute and regulation as evidence of authorized stay and employment in the United States knowing such document was procured by fraud and unlawfully obtained); or

   3. 18 U.S.C. § 2250(b) (international travel reporting violation)

b.  Any item constituting contraband due to the SPECIFIED FEDERAL OFFENSES, fruits of the SPECIFIED FEDERAL OFFENSES, or other items possessed whose possession is illegal due to the SPECIFIED FEDERAL OFFENSES; or

c.  Any property designed for use, intended for use, or used in committing any of the SPECIFIED FEDERAL OFFENSES.

**Subject to the foregoing, the items authorized to be seized include the following:**

a.  Identity documents and other records, whether legitimate or fraudulent, relating to Saul David Aquino (hereinafter "AQUINO"), including, but not limited to birth certificates, voter registration cards, passports, social security cards, driver's licenses, lawful permanent resident cards, or applications or duplicate issuances of such documents; and

b.  Documents and records relating to immigration applications and petitions for AQUINO, including but not limited to naturalization applications, applications to adjust status, naturalization certificates, notices of naturalization oath ceremony; and

c.  Documents or other records related to previous encounters with immigration officials, including, but not limited to notices of interviews; and

d.  Documents, stamps, records, and commercial travel reservations reflecting AQUINO'S entry into and exit from all countries including the United States; and

12

e. All records, in whatever form, of personal or business activities relating to the operation, dominion, and control of the SUBJECT PREMISES; and

f. Documents, records and/or other evidence that may relate to the aforementioned items but that are in a foreign language and require translation; and

g. Documents, records and/or other evidence that relate to online identifiers; and

h. Cell phones, personal computers, laptop computers, handheld computers/organizers, hard drives, flash drives and any other electronic media capable of containing evidence of the SPECIFIED FEDERAL OFFENSES; and

i. Any other items that are evidence, fruits, or instrumentalities of a violation of the aforementioned SPECIFIED FEDERAL OFFENSES.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-41-1FL(3)

FILED IN OPEN COURT
ON 1/24/20 STS
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) INDICTMENT |
| v. | ) |
| | ) |
| SAUL DAVID AQUINO | ) |

The Grand Jury charges:

## COUNT ONE

On or about January 10, 2018, in the Eastern District of North Carolina, and elsewhere, the defendant, SAUL DAVID AQUINO, did willfully and knowingly use United States Passport # XXXXX1463, the issue of which was secured by reason of a false statement, in that in the application for such passport the defendant submitted Form N-550, titled "Certificate of Naturalization," which the defendant knew to have been procured by means of a false claim and statement, in that the defendant, on or about May 28, 2009, stated in Part 10, Question 15 on Form N-400, titled "Application for Naturalization," that he had never committed a crime or offense for which he had not been arrested, when in fact, as the defendant well knew, he had committed the offense of indecent liberties with child on January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1542.

## COUNT TWO

On or about February 19, 2018, in the Eastern District of North Carolina, and elsewhere, the defendant, SAUL DAVID AQUINO, did willfully and knowingly use United States Passport # XXXXX1463, the issue of which was secured by reason of a false statement, in that in the application for such passport the defendant submitted Form N-550, titled "Certificate of Naturalization," which the defendant knew to have been procured by means of a false claim and statement, in that the defendant, on or about May 28, 2009, stated in Part 10, Question 15 on Form N-400, titled "Application for Naturalization," that he had never committed a crime or offense for which he had not been arrested, when in fact, as the defendant well knew, he had committed the offense of indecent liberties with child on January 1, 2007, in Franklin County, North Carolina.

All in violation of Title 18, United States Code, Section 1542.

## COUNT THREE

On or about February 19, 2018, in the Eastern District of North Carolina, and elsewhere, the defendant, SAUL DAVID AQUINO, did knowingly use and possess a document prescribed by statute and regulation as evidence of authorized stay and employment in the United States, that is, United States Passport # XXXXX1463, knowing such document was procured by fraud and unlawfully obtained.

All in violation of Title 18, United States Code, Section 1546(a).

## COUNT FOUR

Between January 10, 2018, and February 19, 2018, in the Eastern District of North Carolina, and elsewhere, the defendant, SAUL DAVID AQUINO, an individual required to register under the Sexual Offender Registration and Notification Act (SORNA), 42 U.S.C. §16901 et seq., by reason of a conviction for indecent liberties with a child under the laws of North Carolina, did unlawfully and knowingly fail to provide information required by the SORNA relating to intended travel in foreign commerce, and did engage in the intended travel in foreign commerce.

All in violation of Title 18, United States Code, Section 2250(b).

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

01/22/2020
DATE

ROBERT J. HIGDON, JR.
United States Attorney

BY: SEBASTIAN KIELMANOVICH
Assistant United States Attorney